United States District Court
Southern District of Texas
**ENTERED**

August 25, 2020

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CYNTHIA NICHOLS, individually and as representative of the ESTATE OF JASON LEJUNIE, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H- 19-2820 |
| BRAZOS COUNTY and SHERIFF CHRISTOPHER C. KIRK, | § § § | |
| *Defendants*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to supplement the complaint filed by plaintiff Cynthia Nichols, individually and on behalf of the Estate of Jason LeJunie. Dkt. 30. Nichols seeks to add the following parties: Wayne Dickey, Dr. M. Jones, and two unnamed nurses. *Id.* The deadline to add new parties was January 10, 2020. Dkt. 12. After considering the briefing filed by the parties, the procedural history of this case, and applicable law, the court finds that Nichols's motion to supplement (Dkt. 30) should be DENIED.

## I. BACKGROUND

### A. The Motion: Nichols Seeks to Add New Parties

Nichols seeks to add new parties after this deadline because she contends that Dickey and Jones were directly involved in the constitutional violations that caused LeJunie's death and that the evidence identifying these individuals as "the direct actors" is newly discovered. Dkt. 30. She argues that she and the estate will be prejudiced if the court does not allow the amendment because she will be unable to protect her interests and those of the estate, and she asserts that the defendants will not be prejudiced because discovery is still ongoing due to the COVID-19 pandemic. *Id.*

**B.      The Response: The Defendants Contend There Is No New Evidence**

Defendants Brazos County and Christopher C. Kirk respond that (1) the court already denied Nichols's first request for leave to amend because she did not show good cause, and it should not allow this second bite that is renamed as a motion to "supplement" instead; (2) Nichols does not satisfy her burden under Rule 16 because she does not offer any new evidence to show good cause for making amendments to her complaint almost seven months after the deadline to amend; (3) the proposed new defendants would file a motion to dismiss and the new claims likely dismissed, anyway, because Nichols fails to state a claim against the requested newly added defendants; and (4) the defendants would be prejudiced by this untimely amendment because the new claims are barred by the statute of limitations and, as a practical matter, would delay discovery. Dkt. 31.  With regard to the "new evidence" that Nichols contends warrants this late amendment, the defendants assert that they "have reason to believe no such evidence exists." *Id.* With regard to the failure to state a claim argument, the defendants note that the allegations in the proposed supplement are merely conclusory and fail to state a plausible claim against any of the proposed new defendants. *Id.*

**C.      The Reply: Nichols Asserts the Defendants Fraudulently Concealed Evidence**

Nichols filed a reply that contains new and inflammatory allegations beginning with the assertion that the "common practice in cases involving constitutional violations or government actors is to conceal the names of the actors involved until disclosure is required." Dkt. 33.  Nichols alleges that Brazos County "denied Ms. Nichols's request for medical records of her deceased son until after filing a lawsuit" and that she was "only made aware of the names of the defendants upon receipt of discovery from the county defendants, on the date of the amendment deadline in an effort to conceal the identity of any responsible parties." *Id.*  She further asserts that such "fraudulent

2

concealment" is a basis for tolling the statute of limitations.  *Id.*  She notes that her counsel was directly affected by the pandemic and contends that counsel investigated the claims as soon as possible after receiving the discovery.  *Id.*

**D.      The Surreply: The Defendants Explain Timing of the Disclosures**

Brazos County and Kirk filed a brief surreply to address the new allegations raised in Nichols's reply.  Dkt. 34.  The court hereby *sua sponte* **GRANTS** leave to file the surreply; the court would have requested a response to Nichols's new allegations if the defendants had not filed the surreply.  The court does not take allegations of fraudulent concealment by counsel practicing before it lightly.

Brazos County and Kirk provide important information in their surreply that was not included in Nichols's reply.  The most interesting evidence is a copy of their initial disclosures, which Nichols received on January 10, 2020 — which is before COVID-19 became a pandemic impacting the United States.[1]  The disclosures indicated that Dicky (one of the newly named defendants) and eight other members of the jail's medical staff were likely to have discoverable information.  Dkt. 34, Ex. C.  Brazos County and Kirk contend that Jones's name was not on the list because he had no contact with LeJunie.  Dkt. 34.  Brazos County and Kirk point out that Nichols did not even file discovery requests until two months after the disclosures, and she has never sent a discovery deficiency letter or otherwise complained about the responses.  *Id.*  They note that Nichols does not say what information or documents were allegedly withheld, and they

---

[1]  *See, e.g.*, DSHS Announces First Case of COVID-19 in Texas, Tex. Dep't of Health and Human Servs. (Mar. 4, 2020), https://dshs.texas.gov/news/releases/2020/20200304.aspx; Jamie Ducharme, *World Health Organization Declares COVID-19 a "Pandemic." Here's What That Means*, Time (Mar. 11, 2020), *available at* https://time.com/5791661/who-coronavirus-pandemic-declaration/.  The court takes judicial notice of the timing of the crisis in the United States and Texas.

are thus "left clueless as to Nichols' actual complaint and the alleged good cause for her Motion." *Id.*

## II. Legal Standard and Analysis

In consideration of the parties' arguments, the proposed supplement, other evidence submitted, and the applicable law, the court finds that Nichols has not demonstrated good cause for a modification of the scheduling order to allow her to add new defendants at this late date. When a court sets a deadline pursuant to a scheduling order and the deadline has passed, courts in the Fifth Circuit apply Rule 16(b)(4) to determine whether leave for a modification to the scheduling order should be granted. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether good cause for modification exists, courts considering whether to allow an amendment to a pleading consider the following factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 536 (citations, quotations, and alterations omitted).

As to the first factor, Nichols does not provide sufficient explanation for her delay in requesting the amendment. She contends in her reply that the defendants fraudulently concealed evidence needed to determine that these individuals needed to be added as defendants, but she does not state what allegedly concealed evidence was just brought to light that revealed she needed to add these defendants. The defendants filed their initial disclosures, which included 227 pages and 18 audio recordings, on January 10, 2020. Dkt. 34. The deadline to add new parties was on the same day. Dkt. 12. Thus, it is possible that Nichols learned the names of these parties, with the

exception of Jones, later than the amendment deadline, as it possibly took some time to review the disclosures (though Dicky's name was right up front).  *See* Dkt. 34.  But her first attempt to add them as parties was not until May 11, 2020.  Dkt. 23.  This is *four months* after Nichols had access to information about at least Dicky and the nurses.

In her original motion to amend, Nichols merely provided the proposed amendment.  *See id.*  The defendants responded that Nichols had not met her burden under Rule 16, and Nichols did not reply.  Dkt. 27.  The court denied the motion to amend because Nichols did not show good cause as required for an amendment after the deadline for amendments set by the court in the scheduling order.  Dkt. 28 (entered June 11, 2020).  Over a month after the court denied the motion to amend, Nichols filed her motion to supplement.  Dkt. 30 (filed July 15, 2020).  She seeks essentially the same relief as she sought in the motion to amend that the court previously denied. *Compare* Dkt. 23, *with* Dkt. 30, Ex. A (proposed supplement).

While Nichols vaguely asserts that COVID-19 caused her counsel some delay in reviewing the materials, there is no indication that her counsel was incapacitated for four months.  It is Nichols's burden to show good cause for her very late request to add parties.  Instead of explaining the reasons for her delay and providing the court with the compelling new evidence that makes it necessary to add parties at this late date, Nichols attempts to shift the burden to the defendants and accuses them of fraudulent concealment without providing any details about what they allegedly concealed.  Perhaps if Nichols had made such an argument *in January* when the defendants provided these names on the date of the deadline, the court would more likely have been convinced that the defendants bore some responsibility for the tardiness of the request.  However, the court likely would not have found fraudulent concealment in that scenario because the parties *agreed* to the date for initial disclosures.  With regard to Dicky and the two nurses, given the limited

5

information the court has been provided, it is evident that Nichols had the information she needed to add these parties in January. She has not shown good cause for waiting until May, and then when that motion was quickly denied, waiting another month to seek leave to add the parties. *Compare* Dkt. 28 (order denying motion to amend on June 11, 2020), *with* Dkt. 30 (motion to *supplement* filed on July 15, 2020).

Nichols also has not met her burden with regard to Jones. She does not provide the court with any new evidence suggesting how Jones was involved with the alleged constitutional violations at issue here; she merely suggests there is new evidence. *See* Dkt. 30. The proposed supplement to the complaint is no help. It provides only conclusory allegations that Jones and Dicky failed to train and supervise and that their acts or omissions violated LeJunie's constitutional right to due process, to be free from unreasonable search and seizure, and to receive adequate medical care under the constitution. Dkt. 30, Ex. A. It does not even indicate what Jones's alleged role in the prison system was, other than being a doctor. *See id.* Thus, adding Jones as a defendant would be futile because the proposed supplement offers only conclusory allegations against Jones and fails to state a claim upon which relief can be granted.

### III. CONCLUSION

Nichols's motion to supplement (Dkt. 30) is DENIED.

The court *sua sponte* GRANTS leave to file the surreply that was filed at docket entry 34.

Signed at Houston, Texas on August 25, 2020.

Gray H. Miller
Senior United States District Judge

6